UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SONIA R. HOLMES,

       Plaintiff,                    CIVIL ACTION NO. 05-73174

      v.                             DISTRICT JUDGE VICTORIA A. ROBERTS

COMMISSIONER OF            MAGISTRATE JUDGE VIRGINIA M. MORGAN
SOCIAL SECURITY,

       Defendant.
_____/

## ORDER DENYING APPOINTMENT OF
## COUNSEL IN SOCIAL SECURITY CASE

Before the court is plaintiff's application for appointment of counsel in this action for judicial review of the defendant's decision denying plaintiff's application for social security benefits. Plaintiff filed the instant case *in pro per* and *in forma pauperis* pursuant to 28 U.S.C. § 1915. The court granted the application to proceed *in forma pauperis*.

Plaintiff now asks the court to appoint an attorney to pursue the case. Pursuant to 28 U.S.C. § 1915(d), the Court "may request an attorney to represent any [indigent] unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." "Indigent civil litigants do not have a constitutional or statutory right to appointed counsel." Edgington v. Missouri Department of Corrections, 52 F.3d 777, 780 (8th Cir. 1995); Parshall v. Social Sec. Admin, 1993 WL 393742 at *1 (D. Kan., Sept. 8, 1993). There are no congressional or other public funds to pay such "appointed" counsel in civil cases. In fact, it is well-settled that a court has no authority to compel legal counsel to

- 1 -

assume the representation of the plaintiff, but merely possesses the discretionary authority to request an attorney to assume such representation.  See, <u>Mallard v. United States District Court for the Southern District of Iowa</u>, 490 U.S. 296 (1989); <u>Miller v. Glanz</u>,  948 F.2d 1562, 1572 (10th Cir. 1991).  Central to the exercise of that discretion is a determination by the court that the plaintiff as well as the court will benefit from the assistance of counsel.  <u>Nelson v. Redfield Lithograph Printing</u>, 728 F.2d 1003, 1005 (8th Cir. 1984).  In the exercise of such discretionary authority, a court must carefully weigh the factual and legal complexities of the case, the existence of conflicting evidence, and capability of the plaintiff to investigate the facts and present the claims.  <u>Jackson v. County of McLean</u>, 953 F.2d 1070, 1072 (7th Cir. 1992); <u>Edgington v. Missouri Dept. of Corrections</u>, 52 F.3d at 780.  Stated differently, the complainant must first show that the claim has some substance to it.  If so, the court should consider the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross examination will be the major proof presented to the fact finder, and indigent's ability to present the case, the complexity of the legal issues, and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.  <u>Rucks v. Boergermann</u>, 57 F.3d 978, 979 (10th Cir. 1995), quoting <u>Sawma v. Perales</u>, 895 F.2d 91 (2d Cir. 1990).

In addition, some courts require that plaintiff has made reasonable efforts to retain counsel and was unsuccessful or was precluded from making such efforts.  <u>Jackson v. County of McLean</u>, 953 F.2d at 1073.  Because Congress recognizes that plaintiffs filing for social security benefits, often are of little means, it provided the availability of attorney fees under 42 U.S.C. § 405(g) and other statutory provisions as financial incentives for lawyers to take cases with

potential merit without involvement from the courts.

Applying the analytical framework for appointment of counsel in civil cases, I find that the application should be denied.  There is no likelihood that the plaintiff would confront complex issues of fact or law.  There is no obligation to engage in demanding factual discovery or vigorous cross examination as the evidence has already been obtained in the record made before the agency.  The court's action is limited to a review of that record under a legal test which is simply whether there is substantial evidence considering the record as a whole to support the agency's determination.  There is not a showing that plaintiff was unable to have an attorney review the case and decide whether there is sufficient merit to undertake representation.  Therefore, I find no justifiable basis for appointing counsel and deny the application.  If, as the case develops, the court determines that justice would be better served by appointment of counsel, an appointment can be made at a later time.

Therefore, IT IS ORDERED that the application IS DENIED.

   s/Virginia M. Morgan
VIRGINIA M. MORGAN
UNITED STATES MAGISTRATE JUDGE

Dated: November 1, 2005

---

**PROOF OF SERVICE**

The undersigned certifies that the foregoing ORDER was served upon Sonia R. Holmes, counsel of record and the Social Security Administration via the Court's ECF System and/or U. S. Mail on November 1, 2005

s/Jennifer Hernandez
Case Manager to
Magistrate Judge Virginia M. Morgan